UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT T. MARTINEZ,<br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)    CAUSE NO.: 2:17-CV-238-JEM<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Robert Martinez on May 26, 2017, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 16], filed December 6, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On March 15, 2018, the Commissioner filed a response, and on April 2, 2018, Plaintiff filed a reply.

**I.  Background**

On July 9, 2013, Plaintiff filed an application for benefits alleging that he became disabled on August 1, 2010. Plaintiff's application was denied initially and upon reconsideration. On July 19, 2016, Administrative Law Judge ("ALJ") Karen Sayon held a video hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On August 23, 2016, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.  The claimant last met the insured status of the Social Security Act on December 31, 2014.

1

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of August 1, 2010, through his date last insured of December 31, 2014.

3. Through the date last insured, the claimant had severe impairments: coronary artery disease, hypertension, bipolar, small intestine cancer, hearing loss, mild lumbar degenerative disc disease, right carpal tunnel syndrome, and obesity.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equal the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. Through the date last insured, the claimant had the residual functional capacity (RFC) to perform light work, except: no climbing ladders, ropes, or scaffolding; occasional balancing, stooping, crouching, kneeling, crawling, and climbing ramps and stairs; frequent but not constant fingering with the dominant right upper extremity; no concentrated exposure to extreme cold or hazards (defined as work at unprotected heights), or noise, meaning the work can only be performed in an environment with noise intensity level of 1, 2, or 3, as defined in the Dictionary of Occupational Titles (DOT). The work should involve only simple instructions and routine tasks; occasional changes in workplace setting; simple decision-making; occasional interaction with coworkers and supervisors; and no public interaction.

6. Through the date last insured, the claimant was unable to perform past relevant work.

7. The claimant was 54 years old, defined as an individual closely approaching advanced age, on the date last insured.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because the claimant is "not disabled," whether or not he has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from August 1, 2010, the alleged onset date, through December

31, 2014, the date last insured.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses

3

the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (*O'Connor-Spinner I*); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner I*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in explaining how she arrived at the RFC and in properly evaluating the symptoms that needed to be addressed in it, including his hearing loss, his fatigue, and his limitations in concentration, persistence, and pace. Plaintiff also argues that the ALJ failed to

4

properly evaluate his subjective allegations and failed to properly apply the medical-vocational guidelines. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

The RFC is an assessment of what work-related activities the claimant can perform despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). Although an ALJ is not required to discuss every piece of evidence, she must consider all of the evidence that is relevant to the disability determination and provide enough analysis in his decision to permit meaningful judicial review. *Clifford*, 227 F.3d at 870; *Young,* 362 F.3d at 1002. In assessing a claimant's RFC, the ALJ must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The discussion must establish a logical bridge between the evidence and the conclusion. *See O'Connor-Spinner I*, 627 F.3d at 618; *Briscoe*, 425 F.3d at 352 (remanding where the ALJ "did not explain how he arrived at these [RFC] conclusions; this omission in itself is sufficient to warrant reversal of the ALJ's decision").

Further, when an ALJ relies on testimony from a vocational expert ("VE") to make a disability determination at step four or five, the ALJ must incorporate all of the claimant's limitations supported by medical evidence in the record. *See Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004); *see also Young*, 362 F.3d at 1003 ("a hypothetical question to the vocational expert must include all limitations supported by medical evidence in the record"); *Kasarsky v. Barnhart*, 335 F.3d 539, 543 (7th Cir. 2003) ("Furthermore, to the extent the ALJ relies on testimony

5

from a vocational expert, the question posed to the expert must incorporate all relevant limitations from which the claimant suffers.") (citation omitted). If the VE is unaware of all of the Plaintiff's limitations, she may refer to jobs the Plaintiff cannot perform. *Kasarsky*, 335 F.3d at 543. When a claimant experiences limitations in concentration, persistence, and pace, these limitations must be incorporated into the hypothetical posed to the VE, although there is not "a per se requirement that this specific terminology ('concentration, persistence, and pace') be used in the hypothetical in all cases." *O'Connor-Spinner I*, 627 F.3d at 619. A hypothetical that does not include these terms may still be sufficient if it is "manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *Id.*

In the hypothetical posed to the VE, the ALJ asked about light work with some physical limitations, and "added some limitations due to mental health impairments resulting in mild restrictions in activities of daily living, moderate restrictions in social functioning, and moderate restrictions in concentration, persistence, or pace. I'm translating that as follows. The work should involve simple instructions, routine tasks, occasional changes in the workplace setting, simple decision-making, and occasional interaction with supervisors, coworkers, and the public." AR 60. The VE testified that there were jobs available, but went on to testify that "[i]ndividuals need to be working at a constant basis of these unskilled occupations . . defined as up to 84% of the time. Thus if an individual is going to be off task more than 15% of the workday for whatever reasoning that may be they'd end up getting terminated from employment," and if they missed "[o]ne and a half days of work per month" they would not be able to maintain employment. AR 61.

The Seventh Circuit Court of Appeals has "repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others

adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014) (listing cases); *see also, e.g., Varga v. Colvin*, 794 F.3d 809, 814-15 (7th Cir. 2015) (holding that limitations to work "free of fast paced production requirements, involving only simple work related decisions with few if any work place [sic] changes and no more than occasional interaction with coworkers or supervisors . . . fail to account for all of [the plaintiff]'s difficulties maintaining concentration, persistence, and pace, which, as the record shows, were related to her diagnosed anxiety and depression"); *Jelinek v. Astrue*, 662 F.3d 805, 813-14 (7th Cir. 2011) (concluding that limitations to sedentary and light unskilled work did not "address[] the impact of the mental limitations . . . which . . . limited [the plaintiff]'s ability to maintain regular work attendance, to carry out instructions, and to deal with the stresses of full-time employment"); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public" and collecting cases); *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (finding that a limitation to unskilled work did not account for limitations in concentration, pace, and mood swings); *Young*, 362 F.3d at 1004 (concluding that a limitation of "simple, routine, repetitive, low stress work with limited contact with coworkers and limited contact with the public" was inadequate to take into account the claimant's limitations); *see also* SSR 85-15, 1985 WL 56857 at *6 (Jan. 1, 1985) ("[B]ecause response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's [mental] condition may make performance of an unskilled job as difficult as an objectively more demanding job."). In this case,

particularly given the evidence in the record about Plaintiff's difficulties maintaining focus and the VE's comments on the need to stay on task and not miss work, the ALJ has failed to draw a "logical bridge" between the evidence and the conclusion that Plaintiff was able to sustain competitive employment with only the limitations reflected in the RFC.

Plaintiff argues that the RFC contains other errors, as well. On remand, the ALJ is directed to identify the medical evidence that supports his contentions about the level of noise in Plaintiff's workplace and to thoroughly address the combination of Plaintiff's impairments. *See, e.g., Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009) ("Although [] impairments may not on their own be disabling, that would only justify discounting their severity, not ignoring them altogether. Moreover, . . . an ALJ must consider the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation."). In particular, the Court is concerned by the failure to address Plaintiff's reports of fatigue and the lack of any analysis regarding Plaintiff's diagnosis of major depressive disorder. "A diagnosis of 'major depression' means, by definition, that an individual's 'symptoms cause clinically significant distress or impairment in social, occupational, or other important areas of functioning.'" *O'Connor-Spinner II*, 832 F.3d 690, 693 (7th Cir. 2016) (quoting AM. PSYCHIATRIC ASS'N, DIAGNOSTIC & STATISTICAL MANUAL OF MENTAL DISORDERS 356 (4th ed. text revision 2000)); *see also Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) ("In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling.") (citing SSR 96-8p). In addition, the ALJ is reminded of the requirement to take a claimant's age into account when determining whether they will be able to work and "not apply the age categories mechanically in a borderline age situation," but to "consider

that [the claimant's] age along with severe impairment(s) and limited work experience may seriously affect [the claimant's] ability to adjust to other work." 20 C.F.R. § 404.1563(b), (d).

## IV.  Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 16] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 12th day of September, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record